

FILED

JUN 1 6 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**JUSTIN TRAVIS TAYLOR,**

**Petitioner,**

**v.**

**CRIMINAL ACTION NO. 4:19-cr-87
CIVIL ACTION NO. 4:23-cv-31**

**UNITED STATES OF AMERICA,**

**Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Justin Travis Taylor's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence ("Motion") pursuant to 28 U.S.C. § 2255. Pet'r's Mot. Vacate, ECF No. 56. The Government opposed the Motion. ECF No. 58. The Petitioner did not reply. The matter is now ripe for judicial determination. Having reviewed the Motion and relevant filings, the Court finds that a hearing is not necessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 15, 2019, a federal grand jury returned a two-count Indictment against Petitioner. ECF No. 14. On January 2, 2020, Petitioner pled guilty to Count Two of the Indictment, charging him with Receipt of Child Pornography in violation of 18 U.S.C. § 2252 A(a)(2). ECF Nos. 23, 24. On July 28, 2020, the Court sentenced the Petitioner to seventy-two (72) months imprisonment followed by twenty (20) years of supervised release. ECF No. 36. Petitioner never appealed to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").

On March 3, 2022, Petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1). ECF No. 42. Petitioner subsequently filed a Motion for Compassionate Release through counsel. ECF No. 46. On February 2, 2023, the Court denied Petitioner's motion by written Order. ECF No. 52. He timely noted his appeal, and the matter is currently pending in the Fourth Circuit. ECF No. 53.

On March 7, 2023, pursuant to 28 U.S.C. § 2255 Petitioner filed the instant Motion asking that his sentence be vacated, set aside, or corrected on the grounds that his counsel was ineffective, his mental health was not considered at sentencing, he was denied the right to appeal, and his plea was coerced. ECF No. 56, at 4-5. On April 17, 2023, the Government responded. ECF No. 58. Petitioner did not reply.

## II.    LEGAL STANDARD

### A.  Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully

2

litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

Additionally, pursuant to § 2255(f), a petitioner has a one-year period of limitation to file a petition for collateral relief. *Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014). The limitations period is measured from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2255(f)(1)-(4).

## III.   DISCUSSION

### A. Petitioner's Motion is Untimely

The Court finds Petitioner's Motion to be untimely. A petitioner's motion pursuant to 28 U.S.C. § 2255 must be filed within a year after "the date which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). "A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires." *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017). Judgment was entered on July 29, 2020.

ECF No. 36. Accordingly, Petitioner had 14 days after entry of the judgment to file a direct appeal, but he did not appeal his sentence to the Fourth Circuit. Petitioner's sentence became final on August 12, 2020. Petitioner's instant Motion became time-barred on August 12, 2021, one year later. The Petitioner filed the instant Motion on March 7, 2023, approximately one year and seven months after the expiration of the limitations period, and is therefore, untimely. ECF No. 56.

However, a petitioner's § 2255 untimely motion may be allowed if there has been a substantive change in the law. 28 U.S.C. § 2255(f)(2)-(3). Here, however, Petitioner has not claimed the benefit of any subsequently decided Supreme Court case that established a new right, nor has he alleged that the government created an impediment blocking his action, wrongfully or otherwise. *See* ECF No. 56.

Furthermore, the Court may excuse Petitioner's procedural default if it finds that Petitioner is innocent. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (holding that a plea of actual innocence can overcome the one-year limitations period for filing collateral review); *see also, Schlup v. Delo,* 513 U.S. 298, 326 (1995) ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"); *Walker v. Clarke*, No. 2:14-CV-449, 2015 WL 4608089, at *4 (E.D. Va. July 30, 2015); *See* 28 U.S.C. § 2255(f)(4). However, in this case, Petitioner has not argued that he is innocent. *See* ECF No. 56. Simply put, the filing of Petitioner's motion is untimely.

### B. Petitioner's Motion does not Fulfill Equitable Tolling Requirements

The Court finds that the Petitioner's motion is not saved by equitable tolling. Outside of § 2255(f), the Court, at its discretion, may still find an otherwise time-barred motion appropriate through equitable tolling if the petitioner presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." (internal

4

quotations omitted)). *United States v. Sosa*, 364 F.3d 507, 507 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), cert. denied, 124 S.Ct.1605 (2004)). Furthermore, this doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotes omitted).

The Court now turns to whether there were "extraordinary circumstances" that prevented the Petitioner from timely filing. Here, Petitioner argues that he "did not know [he] could appeal and raise issues" because he "had [his] right to direct appeal withheld" and the "plea was . . . not fully explained to [his] understanding . . . ." ECF No. 56, at 4-5. However, a lack of knowledge of one's own legal recourses does not constitute extraordinary circumstances beyond one's control. *See Rouse*, 339 F.3d at 248 (citing *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying a general rule that "attorney miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)). Even ineffective assistance of counsel does not generally rise to the level of extraordinary circumstances. *See Rouse*, 339 F.3d at 248 (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."). Therefore, the Petitioner's claimed lack of knowledge cannot support the application of equitable tolling.

The Petitioner did waive his right to a direct appeal, however, this waiver does not justify a complete lack of knowledge as to the Petitioner's options. ECF 20, at 4. The plea agreement, signed by Petitioner, states he has been read the agreement and understands it. ECF No. 23, at 11.

5

Additionally, during sentencing, the Court informed the Petitioner that his waiver of direct appeal does not encompass issues that implicate a constitutional error in the plea agreement or actual innocence. ECF 36, at 6; *United States v. Cohen*, 888 F.3d 667 (4th Cir. 2018) (citing *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994)); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (stating that the Court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice."); *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009) (stating that a "proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice requirement.") Moreover, in recognition of these rights, the Petitioner filed a motion pursuant to 18 U.S.C. § 3582 (c)(1) on March 3, 2020. ECF No. 46. Notably, the Petitioner did not file a § 2255 motion within a similar timeframe. The instant § 2255 Motion was filed a year after the § 3582 motion.

Accordingly, lack of knowledge, without more, is not sufficient to warrant equitable tolling.

## I.   CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion, ECF No. 56, is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial

showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

Due to the lack of grounds for equitable tolling and the substantial time that has passed since the expiration of the limitations period, the Court does not proceed to the merits of the Petitioner's motion.

**IT IS SO ORDERED.**

Newport News, Virginia
June 16, 2023

Raymond A. Jackson
**United** States District **Judge**